IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BENNIE GREEN,                           )
                                        )
            Plaintiff,                  )
                                        )
       v.                               )    1:07CV00095
                                        )
MICHAEL J. ASTRUE,[1]                   )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )

### MEMORANDUM OPINION AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying his claims for Social Security disability insurance benefits and a period of disability. The Commissioner's denial decision became final on December 20, 2006, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge (ALJ). Plaintiff has filed a motion for summary judgment, Defendant has filed a motion for judgment on the pleadings, and the administrative record has been certified to the Court for review.

### The Plaintiff

Plaintiff, who was sixty years old at the time of his hearing, has a tenth grade education. His past relevant work experience was

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

as an industrial cleaner, gate guard, security guard, file clerk, and taxi driver.

## **Plaintiff's Issues**

Plaintiff has presented several issues to the Court for review. Initially, he contends that the ALJ erred in finding that Plaintiff's chronic knee and back pain were not severe impairments. Next, he claims that the ALJ erred in giving inadequate weight to the opinion of his treating physician and in not specifying the weight he gave to the treating physician's opinion. Also, Plaintiff complains that the ALJ erred in failing to explain the weight he gave to the consultative examiner's assessment of his limitations. Finally, Plaintiff states that the ALJ erred because he did not base his residual functional capacity (RFC) assessment on all of the relevant evidence.

In addition, Plaintiff also wants a remand pursuant to 42 U.S.C. § 405(g) for the ALJ to consider evidence of an MRI taken on September 25, 1997 and attached as Exhibit A showing a possible effect on the nerve root.

## **Discussion**

In reaching a decision on Plaintiff's claim, the ALJ followed the five-step analysis set out in the Commissioner's regulations. See 20 C.F.R. § 404.1520. Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can

-2-

perform other work.  Id.  The burden of persuasion is on the claimant through the fourth step.  See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992).  If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education and work experience.  Id.

The ALJ first found that Plaintiff had not engaged in substantial gainful activity since the date of his alleged onset of disability (AOD).  She next found that Plaintiff suffered from the severe impairments of coronary artery disease ("CAD"), alcoholic hepatitis, non-insulin dependent diabetes mellitus, and hypertension.  While the ALJ found that Plaintiff has a history of alcohol abuse, she accepted Plaintiff's testimony that he only drinks one shot of whiskey, at night; accordingly, the ALJ decided that it was a non-severe impairment that would only minimally (if at all) affect Plaintiff's ability to perform work related activities.  Further, the ALJ found Plaintiff's assertions of chronic knee and back pain to be non-severe impairments because neither were credible nor supported by objective medical evidence.

The ALJ determined that none of Plaintiff's severe impairments either met or medically equaled the requirements of any listing in Appendix 1, Subpart P, Regulation Number 4.  She then decided that Plaintiff had the RFC to perform the full range of medium work. Based on this RFC, the ALJ concluded that Plaintiff could return to his past relevant employment.

The scope of review by this Court of the Commissioner's decision denying benefits is limited. Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case de novo. Id. The Court may not make credibility determinations, or substitute its judgment for that of the ALJ's. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "Substantial evidence" has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (citation omitted), or evidence which "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance," Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

**Issue One**

Although not the first issue raised by Plaintiff, the Court finds it most expedient first to address the "new evidence" which Plaintiff seeks to introduce. A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence must be relevant to the determination of disability at the time the application was first

-4-

filed; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court.  See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985)[2]; see also 42 U.S.C. § 405(g).

Plaintiff attempts to remand his case based on the "discovery" and "recovery" of the report of a magnetic resonance imagery ("MRI") performed at Durham Regional Hospital in September 1997. He argues that the MRI is indeed material because "[t]he ALJ based her decision that [Plaintiff]'s back impairment was not severe on

---

[2]This Court notes the following observation:

> The court in Wilkins v. Secretary of Dep't of Health & Human Serv., 925 F.2d 769 (4th Cir. 1991), rev'd on other grounds, 953 F.2d 93 (en banc), suggested that the more stringent Borders four-part inquiry is superseded by the standard in 42 U.S.C. 405(g).  Id. at 774; see Wilkins v. Secretary of Dep't of Health & Human Serv., 953 F.2d 93, 96 n. 3 (4th Cir. 1991) (en banc).  The standard in § 405(g) allows for remand where "there is new evidence which is material and ... there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  However, Borders has not been expressly overruled.  Further, the Supreme Court of the United States has not suggested that Borders' construction of § 405(g) is incorrect.  See Sullivan v. Finkelstein, 496 U.S. 617, 626 n. 6, 110 S. Ct. 2658, 2664 n. 6, 110 L. Ed. 2d 563 (1990).
>
> Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent Borders inquiry.

Brock v. Secretary of Health & Human Servs., 807 F. Supp. 1248, 1250 n. 3 (S.D. W. Va. 1992).

the belief that there was no MRI evidence of a back impairment." (Pl.'s Reply Br. at 5.) The ALJ actually stated, "[T]here are no objective imaging studies or records such as x-rays or MRIs *documenting an impairment capable of causing pain to the extent [Plaintiff] alleges*[.]" (Tr. at 16 (emphasis added).) It could be that the ALJ was referring to the fact that the x-ray did not document a significant impairment.

It does appear that the ALJ either disbelieved Plaintiff's complaints of pain or found them to be highly exaggerated. For example, Plaintiff testified that he had trouble sitting long, and walking made his back hurt. (Tr. at 436.) His back hurt even when he laid down and, if he stood long, his back would hurt. (Tr. at 438, 439.) Yet, the ALJ noted that an x-ray of Plaintiff's lumbosacral spine revealed no abnormalities. (Tr. at 19.) Of note, the transcript does not contain any order by any of Plaintiff's treating caregivers for an imaging study of his back, nor did they recommend treatment other than pain relievers, muscle relaxants, and exercise.

The ALJ clearly had a problem with Plaintiff's credibility. She noted that, "wherever a Veterans Administration Medical Center (VAMC) record described the claimant as having osteoarthritis as an impairment, he was noted to also be asking for disability." (Tr. at 16.) See Gaddis v. Chater, 76 F.3d 893, 896 (8th Cir. 1996) (allowing an ALJ to judge credibility based on a strong element of secondary gain). The ALJ quoted one medical record that reported Plaintiff's statement that he "'[w]alks every morning for an

hour!'" (Id. (quoting Tr. at 369 (alteration ALJ's)).) See Social Security Ruling (SSR) 96-7p, 61 Fed. Reg. 34483, 34487 (noting that consistency of a claimant's statements provides strong indication of the individual's credibility). The ALJ also referred to a six-month gap between Plaintiff's visits for his back pain. (Tr. at 16.) See SSR 96-7p, 61 Fed. Reg. at 34487 (claimant's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints"). And, as mentioned above, Plaintiff's caregivers were very conservative in their treatment of his back pain. (See Tr. at 16 ("the records ... fail[] to indicate that [Plaintiff] has undergone any treatment for his complaints").) Cf. Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) ("[A]n unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility.").

Additionally, Plaintiff testified that he stopped working because of his back pain (see Tr. at 432), but his concurrent statements were that he stopped working secondary to recent complaints of fatigue, night sweats, chills, exertional dyspnea, weight loss, and anemia (see Tr. at 147, 167). He had no pain complaints, his functional status was normal, and he was independent in his activities of daily living. (Tr. at 167-68.)

In face of this evidence, it may seem that the MRI would not likely be material. However, the Court has a problem with the ALJ using these credibility findings to discount Plaintiff's knee and

back pain at step two. As will be seen, this likely was an error which, in turn, affects a decision concerning the materiality of the new evidence at the step two level.

The Court does note that Plaintiff may have a problem in trying to satisfy the third Borders criteria, "good cause." Plaintiff explains:

> At the time of the hearing, [Plaintiff] could not remember where or when the MRI, which was performed almost ten years prior, was actually performed. He thought it had been performed at Triangle Orthopaedic Associates. When we found that this was not the case, several other possible sources were contacted. The MRI was finally located while the appeal was at the Appeals Council. After that, it took several months and repeated telephone calls to Durham Regional Hospital to finally obtain the report.

(Pl.'s Br. at 4-5.)

The primary responsibility for establishing a prima facie entitlement to benefits lies with the claimant. See Bowen v. Yuckert, 482 U.S. 137, 146 (1987); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). At the conclusion of the hearing, the ALJ left open the record. (See Tr. at 447.) If Plaintiff needed additional time to locate the MRI, he could have requested it. Even when the case was before the Appeals Council, Plaintiff could have asked for additional time in which to submit documentation. Further, once Plaintiff determined the location of the MRI, he could have asked the Appeals Council to subpoena its production. See 42 U.S.C. § 405(d); 20 C.F.R. § 404.950(d)(1); see also id. § 404.1512(d) (The Administration "will make every reasonable effort to help you get medical reports."). However, the balance is

tipped in this case by the next issue. Because the matter will need to be remanded in any event, there is no reason the new evidence should not be considered at that time.

**Issue Two**

Plaintiff claims that the ALJ erred by finding that Plaintiff's chronic back and knee pain were not severe impairments. In assessing severity, the ALJ correctly cited the governing standards:

> An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities [and] is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work[.]

(Tr. at 13 (citing 20 C.F.R. § 404.1521; SSRs 85-28, 96-3p, and 96-4p).)

Plaintiff argues that the ALJ erred by requiring that Plaintiff's back and knee pain be "disabling" in order to be found "severe." (Pl.'s Br. at 5.) The requirement that an impairment be disabling is substantial and arises only if it prevents the claimant from engaging in *any* "substantial gainful activity"[3] for a continuous period of at least 12 months or will result in death. 20 C.F.R. § 404.1505. It would, of course, have been inappropriate for the ALJ to have imposed such a heavy burden on Plaintiff at step two of the inquiry. While it is not believed that the ALJ did

---

[3]"Substantial gainful activity means work that – (a) Involves doing significant and productive physical or mental duties; and (b) Is done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

-9-

as Plaintiff alleges, nevertheless, the standard applied does appear to have been too great a one and ignored some probative evidence for a step two inquiry.

The ALJ found Plaintiff's pain to be non-severe because x-rays revealed no abnormalities; Plaintiff demonstrated secondary gain motivation; his caregiver visits for pain were infrequent; and his care was conservative. She added that Plaintiff's activities of daily living were relatively normal. (Tr. at 19.) While these observations may well have been correct, they ignore other evidence which can be material at the step two stage of inquiry and come close to deciding the issue of disability at step two. Plaintiff points out that the ALJ ignored objective evidence of his back and knee impairments. The ALJ referred to the findings of Plaintiff's treating caregiver that Plaintiff had joint pain, stiffness, and crepitus, (Tr. at 19; see also Tr. at 211), but does not provide a reason for ignoring the doctor's report and making a finding that the back and knee pain were not severe impairments. Plaintiff cites to a second medical record dated May 20, 2002. Dr. Bright indicated a need for an x-ray or MRI. (Tr. at 212.) The ALJ did not mention this fact when she found the back and knee pain unsupported because of the lack of an x-ray or MRI. Thus, the so-called newly discovered MRI assumes much more importance in this case.

The Court finds that the ALJ's decision that Plaintiff's knee and back pain did not constitute severe impairments at step two of the inquiry is not supported by the record and appears to have

resulted from a legal error in applying the standard of review at step two. See Preston v. Heckler, 769 F.2d 988 (4th Cir. 1985). As discussed above, there may well have been many good reasons to discount the amount of pain reported by Plaintiff. There appears to be evidence to support system magnification. On the other hand, there is evidence that Plaintiff was treated for back and perhaps some knee pain as discussed above. This clearly provides some evidence that the back and knee pain had an effect on Plaintiff's ability to work. Assuming that the ALJ was not requiring Plaintiff to show that he was disabled at the step two inquiry, nevertheless, it would appear that the burden the ALJ placed on Plaintiff was far too great for a step two level of inquiry.

To sustain the ALJ, the evidence must show that the back and knee pain had no more than a minimal effect on Plaintiff's ability to work. That standard is not a high or demanding one. Rather, it has been variously described as needing only to show that the complaints are consistent with a medical diagnosis and not groundless under a de minimis standard. Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005). Another description of the standard is that an impairment is severe so long as it is not obviously slight, insignificant, or meaningless. Martin v. Heckler, 748 F.2d 1027, 1032 (5th Cir. 1984); see also Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir. 2003); Stratton v. Bowen, 827 F.2d 1447, 1442 n.10 (11th Cir. 1987).

A good discussion of how to apply this standard is set out in Rivas v. Barnhart, No. 05-1266 MLB, 2006 WL 4046153, at *4 (D. Kan. Aug. 16, 2006):

> The burden of proof at step two is on the plaintiff. See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)(the claimant bears the burden of proof through step four of the analysis). A claimant's showing at step two that he or she has a severe impairment has been described as "de minimis." Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997); see Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)("de minimis showing of medical severity"). A claimant need only be able to show at this level that the impairment would have more than a minimal effect on his or her ability to do basic work activities. Williams, 844 F.2d at 751. However, the claimant must show more than the mere presence of a condition or ailment. If the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, the impairments do not prevent the claimant from engaging in substantial work activity. Thus, at step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on his or her ability to work. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).
>
> The determination at step two is based on medical factors alone. Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003). A claimant must provide medical evidence that he or she had an impairment and how severe it was during the time the claimant alleges they were disabled. 20 C.F.R. § 404.1512(c). The evidence that a claimant has an impairment must come from acceptable medical sources including licensed physicians or psychologists. 20 C.F.R. § 404.1513(a). A claimant's statements regarding the severity of an impairment is not sufficient. Adame v. Apfel, 2000 WL 422341 at *3-4 (D. Kan. March 20, 2000); Flint v. Sullivan, 743 F.Supp. 777, 782 (D. Kan. 1990).

In the instant case, there is support for Plaintiff's claim of back pain from acceptable medical sources. While the other evidence may well indicate that Plaintiff has exaggerated that pain, nevertheless, it cannot be said that under a de minimis

-12-

requirement of showing medical severity, that the complaints of pain are so groundless that they could have no serious impact on an ability to do basic work activities. Dr. Barber mentioned in his report that a previous MRI revealed ruptured discs. (Tr. at 201.) He found decreased mobility and flexion because of back pain. (Tr. at 204-205.) Dr. Bright also found limitations. (Tr. at 207-211, 403.) Dr. Bright filled out a Functional Capacity questionnaire and found Plaintiff to have chronic back and knee pain which would seriously limit his ability to work. (Tr. at 365-367.)

The Commissioner urges this Court to find any error by the ALJ in declining to find the back and knee pain to be a severe impairment to be harmless error. However, as in Preston v. Heckler, supra, the Court cannot say that a reconsideration by the ALJ might result in a different assessment with respect to Plaintiff's residual functional capacity. Were that the case, the Commissioner, not the Court, would be the proper body to make a determination as to whether Plaintiff is disabled. While it is true that such a reassessment still may not ultimately result in a finding of disability, that is a decision for the Commissioner to make and not this Court. For this reason, it will be recommended that Plaintiff's motion for a remand to consider the new evidence consisting of the MRI be granted and that the matter be reconsidered by the Commissioner after holding that the back pain constitutes a severe impairment at step two of the inquiry. The ALJ should also reevaluate the knee pain. Because the other issues may not arise again, there is no need to consider them.

-13-

**IT IS THEREFORE RECOMMENDED** that Defendant's motion for judgment on the pleadings (docket no. 12) be denied, that Plaintiff's motion for judgment on the pleadings or in the alternative to remand this case for a new hearing (docket no. 10) be granted in part and denied in part and that this matter be resubmitted to the Commissioner for further review upon this Court's finding that Plaintiff's back pain constitutes a severe impairment pursuant to step two of the regulations, <u>see</u> 20 C.F.R. § 404.1520, and further that during that reconsideration, that Plaintiff's 1997 MRI be allowed to be submitted into evidence for consideration.

                                          /s/ Russell A. Eliason
                                      **United States Magistrate Judge**

August 20, 2008